Nov. Term,
1854.

FOBES
v.
MARTIN.

---

FOBES and Others *v.* MARTIN.

Writs of error, under the R. S. 1843, were only allowed from final judgments.

*Tuesday,*
*December 5.*

ERROR to the *Lagrange* Circuit Court.

HOVEY, J.—*Martin* filed his petition in the *Lagrange* Circuit Court for a writ of *ad quod damnum*. At the *April* term, 1848, the Court awarded the writ, upon which an inquest was made, returned, filed in Court, and subsequently lost. The Court, upon this fact being made to appear, awarded a second writ, upon which an inquest was made and returned by the sheriff on the 9th day of *December*, 1851.

At the *April* term following, *Martin* appeared, and moved for judgment on a part of the inquisition, and to set aside all that related to damages for backing water on the mill of *Jenks*. The cause was continued until the *September* term, 1851, when the defendants appeared, and moved to dismiss the petition and proceedings, which was overruled by the Court, and upon the motion of *Martin* the inquest of the jury was set aside, and a new writ awarded.

From these proceedings *Fobes* and other proprietors of the lands affected by the application, bring the case into this Court on error.

Writs of error only lie in cases of final judgments (R. S. 1843, p. 629, s. 11); and there is nothing in the record in this case that can be called a final judgment. It will be time enough to investigate the merits when the plaintiffs in error are injured. Upon the final hearing of the cause they may have no reason to complain.

*Per Curiam.*—The writ of error is dismissed with costs.

*J. A. Liston* and *J. S. Harvey*, for the plaintiffs.

*J. B. Howe*, for the defendant.